UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MELANIE J. VEAZEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:12-CV-029-BG |
| | ) | ECF |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

The Commissioner of Social Security denied Plaintiff Melanie J. Veazey's applications for disability insurance benefits and supplemental security income, and Veazey filed this action seeking review of the Commissioner's decision. The undersigned has considered the parties' arguments and the administrative record and now recommends that the court affirm the Commissioner's decision and dismiss Veazey's Complaint with prejudice.

**I.     Standard of Review**

The standard under which the Commissioner reviews a claim for Social Security benefits involves a five step sequential evaluation. 20 C.F.R. §§ 404.1520, 416.920 (2012). Under the sequential evaluation, an administrative law judge (ALJ) decides whether the claimant: (1) is not working in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals a listing in the regulations; (4) has an impairment that prevents him from doing past relevant work; and (5) has an impairment that prevents him from doing any other work. *Id.*

The standard under which a court reviews the Commissioner's decision is more limited. The court may only determine whether the decision is supported by substantial evidence from the

record as a whole and whether the Commissioner applied the proper legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). The Commissioner's decision must be affirmed if supported by substantial evidence. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). "Substantial evidence is more than a scintilla, less than a preponderance, and is such that a reasonable mind might accept it as adequate to support a conclusion." *Randall v. Astrue*, 570 F.3d 651, 662 (5th Cir. 2009) (quoting *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992)). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the ALJ's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988).

## II.  Statement of the Case

Veazey previously worked as a receptionist, manicurist, and an order filler at a wholesale florist. (Tr. 31, 38–39, 46.) She claims she became disabled at the age of forty-seven as a result of depression and sarcoidosis, a disease that causes the formation of lesions in the lungs. (Tr. 106, 126.) At a hearing before an ALJ, Veazey claimed she could not work because she suffered from shortness of breath; anxiety and depression; and medication side-effects, including dizziness and drowsiness. (Tr. 32, 34.) She testified that she could no longer work as a manicurist because her lungs were aggravated by the chemicals used in nail products and the dust from filing nails. (Tr. 38.) She testified that she could no longer work as an order filler at a florist because the job involved heavy lifting and constant walking; she claimed the constant walking caused her to experience shortness of breath. *Id*.

The ALJ determined at the fifth step of the sequential evaluation that Veazey was not disabled because she was capable of performing a limited range of light work and could perform

2

work identified by a vocational expert. (Tr. 20–22.) Veazey requested review from the Appeals Council, but her request was denied. (Tr. 1–3.)

In the appeal now before the court Veazey brings three points of error. She claims the ALJ failed to question her regarding her failure to seek regular treatment, incorrectly assessed her residual functional capacity, and failed to analyze the combination of her impairments.

### III.     Failure to Seek Medical Treatment

In assessing Veazey's credibility the ALJ stated: "[T]he claimant's failure to obtain any routine medical treatment for a couple of years after she reportedly became disabled further detracts from her credibility in asserting complete disability since March 2007." (Tr. 19.) Veazey points to Social Security Ruling 96-7p and argues that the ALJ drew an inference and concluded that she was not disabled based on her failure to seek regular medical treatment without first questioning her or otherwise considering why she failed to obtain regular medical treatment.

"[An] individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints." SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996). Thus, the ALJ may consider the claimant's lack of treatment when assessing credibility because lack of treatment may be an indication of non-disability. *Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir. 1990). On the other hand, Ruling 96-7p directs that the ALJ may not draw inferences about a claimant's symptoms and limitations based on the claimant's failure to seek or pursue regular medical treatment without first considering any explanations that the claimant may have. SSR 96-7p, 1996WL 374186, at *7. The Ruling further directs that the ALJ may need to question the claimant at the hearing in order to determine whether there are good reasons the claimant did not obtain regular medical treatment. *Id*.

As Veazey argues, the ALJ did not question her at the hearing or otherwise consider why

she did not pursue regular medical treatment for two years after her alleged onset of disability. The ALJ's failure to question Veazey in this regard, however, does not constitute reversible error. First, Veazey's lack of treatment history between March 2007 and 2009 was one of several reasons the ALJ gave for not crediting Veazey's complaints to the fullest extent. The ALJ also considered Veazey's daily activities, which included performance of most household chores and shopping; medical evidence that did not support her allegations; her decision to continue smoking despite complaints of shortness of breath; and the fact that her medications were effective when taken as prescribed. (Tr. 17–19.)

Second, as the Commissioner argues, assuming for the sake of argument that the ALJ erred, reversal is not required. Procedural perfection is not required in administrative proceedings; a court must not vacate a decision of the Commissioner unless the alleged error affected the claimant's substantial rights. *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Procedural imperfections constitute a basis for remand only if such would "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Id*. Thus, error is not prejudicial and is regarded as "harmless" when it does not compromise the ALJ's ultimate conclusion. *Id*.; *see Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (finding harmless error where it was "inconceivable that the ALJ would have reached a different conclusion" in absence of the error). Remand is appropriate only when the claimant was prejudiced as a result of the error. *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981). Prejudice is shown when the claimant shows that he "could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). To date Veazey has not provided any explanation for not obtaining medical treatment for the two years after she claimed she became disabled. She has not set forth what evidence the ALJ would have

4

discovered had he questioned her at the hearing. Veazey has therefore failed to establish prejudice. Reversal is accordingly not appropriate. *Id.*

### IV. <u>Residual Functional Capacity Determination</u>

At the fourth and fifth steps of the sequential evaluation, the ALJ must determine the claimant's residual functional capacity, which is defined as the most the claimant can do despite his or her impairments; the ALJ must then determine whether, based on the claimant's residual functional capacity, he can perform either his past work or other work. 20 C.F.R. §§ 404.1545(a)(5), 416.925(a)(5). In determining residual functional capacity, the Commissioner considers the individual's ability to meet the physical and mental demands, sensory requirements, and other requirements of work. *Id.* §§ 404.1545(a)(4), 416.945(a)(4). As Veazey points out, the claimant's residual functional capacity must be based on all the relevant evidence in the claimant's case record. *Id.* §§ 404.1545 (a)(1), 416.945(a)(1).

The ALJ determined that Veazey had the residual functional capacity to perform non-complex light work that would not involve climbing; could be performed in a climate-controlled and dust-, fume-, and chemical-free environment; would not involve interaction with the general public; and would require only superficial contact with coworkers and supervisors. (Tr. 19.) Veazey contends the ALJ failed to account for her complaints of shortness of breath in his residual functional capacity determination. Veazey's contention is without merit.

The ALJ considered Veazey's claim that she experienced shortness of breath with mild exertion. (Tr. 14, 17–18.) He also considered medical evidence that establishes she did not experience shortness of breath that would limit her ability to work. That evidence shows that Veazey was diagnosed with sarcoidosis in 1986, but the condition remained inactive. (Tr. 178, 200,

5

285, 338, 394, 440–42.) Although she was diagnosed with chronic obstructive pulmonary disease (COPD), it was described by her physician as "mild," and her symptoms improved with the use of an inhaler. (Tr. 367.) Physicians found Veazey's lungs to be clear and found no shortness of breath and normal lung functioning during examinations. (Tr. 206, 342, 408, 413, 421, 440.) One x-ray of her chest showed that her lungs were clear and well aerated, while another one showed some tissue prominence and "suggest[ed] a degree of air trapping" but was otherwise normal. (Tr. 205, 394.) Significantly, images on a chest film taken in 2009 were unchanged compared to a film taken in 1997. (Tr. 408.)

In addition, Veazey's reports of her daily activities demonstrate that the shortness of breath she experienced would not limit her ability to work. She told an examining psychologist that she took care of her grandson during the day and prepared his meals and performed housework throughout the day with rest periods. (Tr. 200.) She likewise reported on application documents that she took care of her grandson; did yoga; shopped for groceries two to three times per week; prepared meals on a daily basis; could lift twenty pounds; and was capable of doing laundry and dishes, ironing, mopping, and cleaning. (Tr. 143–45, 147, 326.)

The foregoing is substantial evidence supporting the ALJ's determination that Veazey could perform limited light work. Nonetheless, Veazey further argues that the ALJ's conclusion that she is unable to perform her past work as a manicurist and receptionist, jobs performed at the sedentary level, is inconsistent with his finding that she is capable of performing light work. She argues that the ALJ "failed to articulate why [she] could not perform sedentary work but is capable of performing light work." (Pl.'s Br. 15.) Contrary to Veazey's contentions, there is no inconsistency in the ALJ's findings. In finding that Veazey could not perform her past two jobs, he determined

that she could not do two of the many sedentary occupations that exist; he did not find, as Veazey implies, that she was unable to do all sedentary work. The ALJ's finding that Veazey could perform light work includes a finding that she can perform sedentary work. 20 C.F.R. §§ 404.1567(b), 416.967(b). Thus, the ALJ's determination that Veazey is capable of performing light work necessarily means she is capable of performing sedentary work. However, the limitations the ALJ included in the residual functional capacity determination preclude certain types of work. As noted above, the ALJ found that Veazey could not work in environments that contained fumes or chemicals, a limitation that precludes Veazey from working as a manicurist. The ALJ also found that Veazey was limited to jobs that would not involve interaction with the general public and only superficial contact with coworkers and supervisors, a limitation that precludes Veazey from working as a receptionist.

The ALJ determined, based on vocational expert testimony, that Veazey was capable of performing the jobs of mail room clerk, small products assembler, and assembly press operator. (Tr. 21.) Once the ALJ identifies work that the claimant can perform, the burden shifts to the claimant to show that he cannot do the identified work. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990) (citing *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987)). Thus, a plaintiff who disputes a finding that he is capable of performing jobs a vocational expert has identified must bring evidence contrary to the testimony of the vocational expert. *Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005). Veazey has not shown that she is incapable of performing the jobs the vocational expert identified.

**V.     Evaluation of Impairments**

Veazey claims the ALJ failed to consider the combined effects of her COPD; mild arthritis

in her hands; complaints of shoulder pain; depression; and anxiety.  She argues that her case should be remanded for a more thorough analysis of the combined effect of these impairments.

The ALJ must consider all the claimant's impairments – whether severe or non-severe – in combination throughout the disability process in order to determine whether the claimant is disabled. 20 C.F.R. §§ 404.1523, 416.923.  However, the ALJ did not err in this case; he properly considered the combination of Veazey's impairments and the impact all of her impairments had on her ability to work.  (Tr. 18–19.)  His determination that Veazey's impairments did not render her disabled is supported by substantial evidence.  In addition, in regard to the particular impairments Veazey cites, there is no evidence that the mild arthritis in her hands or her shoulder pain would, either singularly or in combination with her other impairments, limit her ability to work.  She testified that she had "a little arthritis" in her hands, but she also testified that she crocheted and reported that she was able to perform household chores such as dishes and cooking, which require dexterity of the hands. (Tr. 45, 37, 144.)  In addition, her arthritis was characterized by physicians as "mild" and treated with Advil as needed; examination showed normal strength and range of motion; and, although she reported upper back pain on two occasions, she reported no pain in her hands or shoulders during numerous other examinations.  (Tr. 208, 340, 399, 421, 440, 427.)  X-rays of her right and left shoulders were "unremarkable" and showed no orthopedic pathology.  (Tr. 311–12.)  In regard to Veazey's depression and anxiety, her symptoms were controlled with medication.  (Tr. 179–180, 440, 447.)  Veazey also claims the ALJ failed to determine how the side-effects from her medications, including dizziness, grogginess, and fatigue would have on her ability to work.  As the ALJ noted, however, there are no reports from any medical source to substantiate Veazey's allegations of debilitating side-effects.  (Tr. 18; *see*, *e.g.*, Tr. 247, 249, 354, 412, 440, 447.)

**VI.   Recommendation**

The Commissioner's decision of no disability must be affirmed if supported by substantial evidence. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence supports the ALJ's decision in this case. It is therefore recommended that the United States District Court **AFFIRM** the Commissioner's decision and **DISMISS** Veazey's Complaint.

**VII.   Right to Object**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:      September 28, 2012.

_____
NANCY M. KOENIG
United States Magistrate Judge